PER CURIAM.
Mother, Sheila Oliver, challenges the final judgment of paternity on the ground that, although the trial court properly ruled on paternity, the court erred in retaining jurisdiction over custody and visitation because the child currently resides in Maine. We affirm the judgment of paternity which was entered pursuant to the parties’ stipulation. We find no error in the trial court’s order retaining jurisdiction over custody and visitation, since these issues were raised in the pleadings. The statement in the order that the court retains jurisdiction over those issues will *1100 have no conclusive effect if on some later date the parties need to have a judicial resolution of custody or visitation and the State of Florida is no longer the appropriate forum to decide the issue. At that time, the appropriate court will need to conduct an evidentiary hearing to determine which state, Florida or Maine, is in the best position to exercise jurisdiction over custody and visitation pursuant to the Uniform Child Custody Jurisdiction Act as adopted in Florida. See § 61.1308, Fla. Stat. (1999).
AFFIRMED.
DELL, STONE and STEVENSON, JJ., concur.